IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON CHRISTOPHER HARGROVE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>C.K. PLILER, Warden,<br>California State Prison,<br>Sacramento<br><br>　　　　Respondent. | No. 2:03-CV-1141 RRB JFM P<br><br>**ORDER GRANTING PETITIONER'S<br>REQUEST FOR CERTIFICATE OF<br>APPEALABILITY** |

I.  INTRODUCTION

　　　　Before the Court is Petitioner Christopher Hargrove ("Petitioner") with a notice of appeal and a request for certificate of appealability.  Inasmuch as Petitioner has presented questions that reasonable jurists (may) find debatable, and inasmuch as any doubt is resolved in Petitioner's favor, Petitioner's Request for Certificate of Appealability at **Docket 46** is hereby **GRANTED**.

**II.   STANDARD OF REVIEW**

Pursuant to Fed. R. App. P. 22(b)(1), Petitioner "cannot take an appeal unless a circuit justice or a circuit or a district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  28 U.S.C. § 2253(c) provides: a district court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."

> Such a showing is made if the petitioner demonstrates "that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."  Any doubt is resolved in the petitioner's favor.[1]

Indeed, "[t]he petitioner <u>must</u> demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[2]

**III. CONCLUSION**

Given this standard, and because the Court recognizes that its assessment of Petitioner's constitutional claims are

---

[1] <u>Stewart v. Woodford</u>, 2007 WL 1840080, *1 (N.D. Cal. 2007)(<u>quoting</u> <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025 (9th Cir. 2000)).

[2] <u>Id.</u> (<u>quoting</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003))(emphasis added).

ORDER GRANTING PETITIONER'S
   REQUEST FOR CERTIFICATE OF APPEALABILITY - 2
2:03-CV-1141-RRB-JFM P

and/or may be debatable among jurists, the Court certifies the following issues for appeal:

    1.  Whether the trial court erred in denying Petitioner's claim that the prosecution exercised its peremptory challenges to three prospective jurors in violation of the principles of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986);

    2.  Whether the trial court erred in denying Petitioner's claim that he was denied due process of law and his right to present a defense by the trial court's instructions to the jury concerning the doctrine of claim of right as a defense to robbery;

    3.  Whether the trial court erred in denying Petitioner's claim that he was denied due process of law to present a defense by the court's instructions to the jury concerning aider and abettor liability and the doctrine of natural and probable consequences; and

    4.  Whether the trial court erred in denying Petitioner's claim that he was denied his right to due process of law and trial by a jury when the California Court of Appeal relied on its own assessment of the credibility of witness Samuel Grim and the weight to be accorded to his testimony as a basis for affirming Petitioner's convictions.[3]

---

[3] These are the only issues for which Petitioner has sought a certificate.

As a result of the Court's decision contained herein, the Clerk of the Court shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

ENTERED this 29th day of February, 2008.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE